**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**CESAR AUGUSTO ZOQUIER,**

                           **Plaintiff,**                      **REPORT AND
                                                                      RECOMMENDATION**
     **- against-**                                                        **08-CV-2271(DLI)**

**UNITED STATES OF AMERICA,**

                           **Defendant.**
-------------------------------------------------------------X
**GOLD, Magistrate Judge:**

### Introduction

       Cesar Augusto Zoquier, proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 seeking to set aside the sentence imposed on him after he entered a plea of guilty in his criminal case, Docket No. 06-Cr-45. The Honorable Dora L. Irizarry has referred Zoquier's motion to me for report and recommendation. For the reasons set forth below, I respectfully recommend that the motion be denied.

### Criminal Proceedings

      Zoquier[1] was indicted on January 23, 2006. The indictment charged that Zoquier, "an alien who had previously been deported from the United States after conviction of an aggravated felony, knowingly and intentionally attempted to enter the United States" without the permission of the Attorney General. Indictment, Docket Entry 5, No. 06-Cr-45. The indictment specifically cites Title 8, United States Code, Sections 1326(a), the general illegal reentry statute, and 1326(b)(2), the sub-section that provides for a sentence of up to 20 years for illegal reentry after removal subsequent to conviction for commission of an aggravated felony.

---

[1] In his pending motion, plaintiff spells his name "Zoguier." In the underlying indictment, however, plaintiff is charged as "Zoquier." I refer to plaintiff in this report as Zoquier.

Zoquier entered into a written plea agreement with the government. The agreement, which was signed by Zoquier and his attorney, expressly stated that Zoquier could be sentenced to prison for as long as 20 years, that the government had estimated Zoquier's guideline range to be 57-71 months, and that Zoquier would waive his right "to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below." Def. Opp., Docket Entry 5, Ex. A ("Plea Agreement") at 1, 3.

On April 26, 2006, Zoquier appeared before United States District Judge Irizarry and entered a plea of guilty pursuant to the plea agreement described above. Zoquier was represented by Federal Defender Peter Kirchheimer. During the course of the plea proceeding, Judge Irizarry reviewed the charge with Zoquier and specifically advised him that he was accused of illegally entering the country despite having been deported after the commission of an aggravated felony. *Id.,* Ex. B ("Plea Tr.") at 12. Judge Irizarry also told Zoquier that he could be sentenced to a term of imprisonment of up to 20 years and that he was surrendering his right to seek appellate review if he received a sentence that did not exceed 78 months. *Id.* at 16, 19. After acknowledging that he understood everything that Judge Irizarry had explained to him, Zoquier entered a plea of guilty, and admitted both entering the United States after being deported and having been convicted of two narcotics offenses before being deported. *Id.* at 27-29.

Zoquier appeared for sentencing on November 2, 2006. At that time, after calculating a guideline range of 57 to 71 months, Judge Irizarry imposed a sentence of 57 months of incarceration. *Id.*, Ex. D at 38-39. Zoquier filed a notice of appeal, and the Second Circuit summarily affirmed his conviction. *Id.*, Ex. E.

**Discussion**

As discussed above, Zoquier's plea agreement included a waiver of his right to challenge his conviction or sentence in the event that he was sentenced to a term of imprisonment of no more than 78 months. Zoquier was sentenced to 57 months of incarceration. The Second Circuit has squarely and repeatedly held that

> [i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal . . . , then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

*United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). *See also United States v. Woltmann*, 610 F.3d 37, 40 (2d Cir. 2010) (noting that, "[o]rdinarily, appeal waivers are enforced - and for good reason," and citing cases); *United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (citing *Salcido-Contreras*); *United States v. Monzon*, 359 F.3d 110, 116-17 (2d Cir. 2004); *Jiminez v. United States*, 2010 WL 2816973, at *2 (S.D.N.Y. July 14, 2010).

Although Zoquier seeks relief pursuant to 28 U.S.C. § 2255 and not on direct appeal, his plea agreement expressly waives his right to "appeal or otherwise challenge" his conviction or sentence. Even if the language of his agreement were limited to a waiver only of his right to appeal, Zoquier would not be permitted to avoid his waiver by seeking collateral review instead. *See, e.g., Knight v. United States*, 2008 WL 1766602, at *3 (E.D.N.Y. Apr. 14, 2008) (pointing out that "[w]aivers of appeal can be binding on both direct appeals and petitions brought under section 2255"); *Defex v. United States*, 1998 WL 812572, at *2 (E.D.N.Y. May 19, 1998). Thus, the waiver in Zoquier's plea agreement, standing alone, warrants denying Zoquier's motion.

Even if Zoquier's arguments in support of his motion were appropriately considered on their merits, I would recommend that his motion be denied. Liberally construed, three arguments may be discerned from Zoquier's motion. I address each in turn below.

First, Zoquier contends that his indictment charged him only with illegal reentry, and not with illegal reentry after conviction of an aggravated felony. *See* Docket Entry 1 at 5, 16.[2] The plain language of the indictment itself, which accuses Zoquier of being "an alien who had previously been deported from the United States after conviction of an aggravated felony," and the explicit citation in the indictment to 8 U.S.C. § 1326(b)(2), are sufficient to defeat this argument.

Second, Zoquier seems to argue that his prior narcotics convictions were not aggravated felonies. *Id.* at 2, ¶ 9(f). As used in Section 1326, the term "aggravated felony" includes "illicit trafficking in a controlled substance," whether in violation of federal or state law. 8 U.S.C. § 1101(a)(43)(B). Zoquier's Presentence Investigation Report states that Zoquier was convicted in Massachusetts state court of distributing cocaine and possessing heroin and cocaine with intent to distribute it on July 2, 1998, September 25, 1998 and January 8, 2000, and that Zoquier was sentenced on these charges on October 2, 2000 to concurrent four to six year terms of imprisonment. Def. Opp., Ex. C ¶¶ 20-25. Accordingly, it is clear that Zoquier had been convicted of multiple aggravated felonies before he was deported.

Finally, Zoquier claims that his counsel was ineffective. Docket Entry 1 at 12, ¶ 18. Ineffective assistance of counsel may provide a basis for avoiding enforcement of a waiver in a

---

[2] The page numbers cited in the text refer to the page numbers attributed to plaintiff's motion papers by the court's electronic filing system.

plea agreement when, as a result of the ineffective assistance, a defendant's waiver was not knowing and voluntary. *Monzon*, 359 F.3d at 116-19; *Jiminez*, 2010 WL 2816973, at * 3. Here, although Zoquier alleges in conclusory terms that he "decided to plead guilty under my counsel's false pretenses" and that his lawyer provided "dishonest representation," Docket Entry 1 at 12, he does not contend that he did not understand the terms of his plea agreement or the rights he was waiving by pleading guilty.

Moreover, the record amply demonstrates that Zoquier's waiver was knowing and voluntary. As indicated above, Zoquier's plea agreement clearly stated that Zoquier would waive his right "to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below." Plea Agreement at 1, 3. Zoquier acknowledged during his plea hearing that he reviewed his plea agreement in his native language, signed it, and understood all of its terms. Plea Tr. at 17-18. In addition, Zoquier was explicitly advised during his plea hearing that he was waiving his right to appeal if he was sentenced to a term of less than 78 months, and acknowledged that he understood the waiver. *Id.* at 16. Zoquier was also afforded ample opportunity to ask questions about anything he did not understand, but stated that everything was clear to him and that he was acting voluntarily. *Id.* at 3-4, 7, 9, 27-28. Under these circumstances, Zoquier's conclusory assertion that his lawyer provided him with ineffective assistance is insufficient to warrant relief.

## Conclusion

For all the reasons stated above, I respectfully recommend that Zoquier's motion pursuant to 28 U.S.C. § 2255 be denied. Any objections to this Report and Recommendation must be filed within fourteen days and in any event no later than August 30, 2010. Failure to file

5

objections within the specified time waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                               /s/
                                                     **STEVEN M. GOLD**
                                                     **U. S. MAGISTRATE JUDGE**

**August 11, 2010**
**Brooklyn, New York**

A COPY OF THIS REPORT AND RECOMMENDATION WAS SENT ON THIS DAY TO:

Cesar Augusto Zoquier
M# 73920-053
Moshannon Valley Correctional Institution
555 Cornell Drive
Philipsburg, PA 16866

U:\Zoquier 080910.wpd